UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN, | No. 2:23-cv-00975-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| WARNER BROS., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a motion for appointment of counsel, and several motions seeking various forms of amendments and supplements to his complaint.

## Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

Plaintiff's complaint includes among its numerous defendants Warner Bros., CDCR, the CIA, Bill Gates and Leonardo DiCaprio. The allegations are wholly lacking in substance and read as a list of conclusory terms and meandering phrases strung together. It consists of a single claim for relief, titled "2nd Amendment to the Constitution of the United States" and reads as follows:

> To gain constitutional protection a persons [sic] belief must be sincerely held and religious in nature. . . . I have no other means as the defendant of exercising my right religiously of and to do so without duress. Injunctive relief is necessary due to vexation by spirit. These actions do not have a logical connection to legitimate governmental issues involved to justify it. Also gain protection under the Religious Land Act within the CDCR. Sic & Sac rights, proceeding in my inhumanity. Oppressed passed a threshold of humanity while we know better when to stop overcoming the temptation of sic rights. Irreparable harm for he has become common for, or from the defendants. Exodus 23:8 "And you shall take no bribe, for a bribe blinds the discerning and prevents the words of the righteous [sic]."

ECF No. 1 at 3. The complaint is incomprehensible and fails to specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights. As drafted, the complaint presents no cognizable federal claim and must be dismissed.[1]

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Plaintiff's allegations are indecipherable and quite possibly, frivolous. However, in an abundance of caution, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe,

---

[1] Plaintiff's motions seeking various forms of amendments and supplements to his complaint (ECF Nos. 15 & 18) are therefore denied as moot. Plaintiff will be granted leave to file an amended complaint that is complete in itself, without reference to other complaints, filings, or motions.

in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Request for Appointment of Counsel

Plaintiff requests the appointment of counsel. ECF Nos. 10 & 16. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2, 14) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's request for the appointment of counsel (ECF Nos. 10 & 16) is DENIED without prejudice;
4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order;
5. Plaintiff's motions seeking various forms of amendments and supplements to his complaint (ECF Nos. 15 & 18) are DENIED as moot; and
6. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: August 18, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE